IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDDIE TREZVANT,

          Plaintiff,

         vs.                             Case No. 04-1246-JTM

WESLEY WESTON, commonly known as
Lil' Flip,

          Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on the defendant's Motion to Dismiss pursuant to Rule 12(b)(1). Defendant claims that this court lacks subject matter jurisdiction over plaintiff's claims because the contract mandates arbitration. Plaintiff contends that the court must determine whether the arbitration clause is valid. Specifically, plaintiff argues that the arbitration agreement was unconscionable under state law, that there was a disparity in positions of the parties, and that the fees are excessive and constitute an unfair surprise. After reviewing the parties' arguments, the court finds in favor of defendant.

**I. BACKGROUND**

On May 12, 2004, plaintiff, Freddie Trezvant, contacted Universal Entertainment Group, Inc. ("Universal"), a booking agent for defendant, and inquired as to defendant's availability to appear at an event plaintiff was promoting in Wichita, Kansas, on July 1, 2004. Universal signed an agreement with plaintiff on or about June 4, 2004 (the "Agreement"). Defendant claims he

first received a copy of the contract on April 7, 2006.  However, based on defendant's counsel's intervention in this case when a default judgment had been entered, defendant had been aware of the allegations and contract by at least October 2005.

This case has been pending on the court's docket for a few years.  On July 29, 2004, plaintiff filed the complaint in this action.  Having had problems reaching defendant, plaintiff filed a default judgment on January 25, 2005, but simultaneously claimed that the parties were in contact and negotiating an agreement.  In August 2005, the parties had failed to resolve the issue. Plaintiff complained that he was not able to reach defendant.  Therefore, the court set a hearing for the default judgment and instructed plaintiff to inform the opposing party.  Plaintiff filed a certificate of service on September 21, 2005, stating he had informed defendant, and the court held a hearing on September 26, 2005.  At the hearing, the court entered a verdict in favor of plaintiff for more than a $1 million. Upon learning of a default judgment, defendant filed a notice of appeal with the Tenth Circuit. While the appeal was pending, defendant urged this court to revisit the default judgment, claiming defendant had not received proper notice. After a hearing held on March 7, 2006, the court entered an order setting aside the default judgment on the condition the parties would mediate the matter. Defendant now asks this court to dismiss this matter because the contract in dispute includes an arbitration provision, denying this court subject matter jurisdiction.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.  <u>Castaneda v. INS</u>, 23 F.3d 1576, 1580 (10th Cir. 1994).  "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it

becomes apparent that jurisdiction is lacking." <u>Scheideman v. Shawnee County Bd. of County Comm'rs</u>, 895 F. Supp. 279, 280 (D. Kan.1995) (citing <u>Basso v. Utah Power and Light Co</u>, 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. <u>Id.</u>  When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. <u>Jensen v. Johnson County Youth Baseball</u>, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

Jurisdictional challenges under Rule 12(b)(1) typically take two forms:  facial attacks on the sufficiency of jurisdictional allegations and factual attacks on the accuracy of those allegations. <u>Holt v. United States</u>, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  "A facial attack questions the sufficiency of the allegations in the complaint as they relate to subject-matter jurisdiction." <u>Goslin v. Kickapoo Nation Dist. Ct.</u>, No. 98-4107-SC, 1998 WL 1054223, at *1 (D. Kan. Dec. 2, 1998).  The Tenth Circuit has stated that "a district court must accept the allegations in the complaint as true" when reviewing a facial attack on a complaint. <u>Holt</u>, 46 F.3d at 1002.

## III. ANALYSIS

The central issue is whether the contract includes a mandatory arbitration provision depriving this court of jurisdiction. The court finds that such an arbitration provision exists in this case.

Determining whether parties agreed to arbitrate a particular dispute is an issue for judicial determination. <u>AT&T Technologies, Inc. v. Communication Workers of Am.</u>, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).  Federal policy favors arbitration and "requires a

3

liberal reading of arbitration agreements." <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 23 n. 27, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).  Doubts as to the scope of arbitrable issues should be resolved in favor of arbitration.  <u>See id.</u> at 24-25, 103 S.Ct. 927; <u>Coors Brewing Co. v. Molson Breweries</u>, 51 F.3d 1511, 1514 (10th Cir. 1995).  District courts defer to arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute ... doubts should be resolved in favor of coverage." <u>United Steelworkers v. Warrior & Gulf Navigation Co.</u>, 363 U.S. 574, 582-583, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

While courts favor arbitration, the parties' intent and the scope of the arbitration clause dictate whether arbitration is appropriate.  <u>Armijo v. Prudential Ins. Co. of Am.</u>, 72 F.3d 793, 797 (10th Cir. 1995).  <u>See</u> <u>Altresco Philippines, Inc. v. CMS Generation Co.</u>, No. 96-1080, 1997 WL 186257, at *3 (10th Cir. Apr. 17, 1997).  The court must determine whether the scope of the arbitration agreement is broad or narrow.  <u>See, e.g.</u>, <u>Wilson v. Olathe Bank</u>, No. 97-2458-KHV, 1998 WL 596739, at *2 (D. Kan. July 31, 1998).

The relevant contractual provision provides:

> This agreement shall be construed in accordance with the Laws of the State of Georgia. Any claim or dispute arising out of or relating to the agreement or the breach thereof shall be settled by arbitration with the rules and regulations of the American Arbitration Association. The Parties hereto agree to be bound by the award in such arbitration an[sic] judgment upon the award rendered by the arbitrators may be confirmed in any court having jurisdiction thereof.

Agreement, at p. 16.  Plaintiff does not contest the validity of the parties' contract and in fact seeks to enforce the contract so as to recover damages.  Still, plaintiff objects to arbitration on various grounds including: 1) that the arbitration clause denies plaintiff's constitutional right to a trial by jury; and 2) that the arbitration clause is unconscionable and unenforceable.  These

arguments and the related arguments in plaintiff's motion are without merit.  There is no credible evidence that plaintiff signed the contract without notice of arbitration provision or that he was in any way forced into the agreement.  There is also no evidence that the arbitration agreement is unconscionable since such provisions are commonplace in business contracts.  Since disputes as to performance and payment of a contract "arise under" and "relate to" the contract, plaintiff should be bound by the mandatory arbitration provision.

IT IS ACCORDINGLY ORDERED this 11th day of August 2006, that the court grants defendant's motion and dismisses this action (Dkt. No. 40).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE