IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDDIE TREZVANT,

          Plaintiff,

vs.                                                                  Case No. 04-1246-JTM

WESLEY E. WESTON, commonly known as
Lil' Flip,

          Defendant.

MEMORANDUM AND ORDER

      The present matter arises from a contract dispute.  This court granted defendant's motion to dismiss on August 14, 2006, due to an arbitration agreement contained in the contract between the parties.  The parties engaged in arbitration on November 27, 2006.  Following the arbitration, the arbitrator entered an award for the plaintiff in the total amount of $109,340.  Plaintiff filed the present motion which requests that the court set aside the judgment of dismissal and to confirm the arbitrator's award.  For the following reasons, the court grants plaintiff's motion.

      Plaintiff argues that it is appropriate for the court to set aside a judgment pursuant to Fed. R. Civ. P. 60(b).  Specifically, he argues, the court may set aside the judgment of dismissal because there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . [and] other reason[s] justifying relief from the operation of the judgment."  Additionally, section 9 of the Federal Arbitration Act ("FAA") states that upon application, a court may confirm an arbitrator's award:

Dockets.Justia.com

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, . . . then at any time within one year after the award is made any party to the arbitration may apply to [a] court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. The arbitration clause contained in the agreement between the parties provides:

> This agreement shall be construed in accordance with the Laws of the State of Georgia. Any claim or dispute arising out of or relating to the agreement or the breach thereof shall be settled by arbitration with the rules and regulations of the American Arbitration Association. The Parties hereto agree to be bound by the award in such arbitration an[sic] judgment upon the award rendered by the arbitrators may be confirmed in any court having jurisdiction thereof.

Plaintiff's Exhibit 2, Weston Contract.

The court agrees with plaintiff. The court finds that it is appropriate to set aside the judgment of dismissal because the arbitration award which must be confirmed by this court justifies relief from the operation of judgment. *See Denver & Rio Grande Western R.R. Co. v. Union Pacific R.R. Co.*, 868 F. Supp. 1244 (D. Kan. 1994) (holding that if an arbitration award cannot be vacated pursuant to 9 U.S.C. § 10 or modified pursuant to 9 U.S.C. § 11, it must be confirmed pursuant to 9 U.S.C. § 9). Therefore, the dismissal entered on August 14, 2006 is set aside.

Additionally, the court confirms the arbitration award. Jurisdiction is met in that the amount in controversy exceeds $75,000 and complete diversity of citizenship is present between the parties. Moreover, the Tenth Circuit has noted that the FAA authorizes confirmation of arbitration awards and "creates its own level of subject matter jurisdiction for confirmation under the FAA." *Oklahoma City Assocs. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 793 (10th Cir. 1991).

Therefore, the court confirms the arbitrator's award in the amount of $109,340.

IT IS ACCORDINGLY ORDERED this 6th day of February, 2007, that plaintiff's motion (Dkt. No. 51) to set aside judgment of dismissal and to confirm arbitration award is granted.

IT IS FURTHER ORDERED that this case is now closed.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE